**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Jennifer S. Wagner**, OSB No. 024470
Email: jwagner@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone:     (503) 227-1600
Facsimile:      (503) 227-6840

**James R. Patterson** (*Admitted Pro Hac Vice*)
Email: jim@pattersonlawgroup.com
**Allison H. Goddard** (*Admitted Pro Hac Vice*)
Email: ali@pattersonlawgroup.com
PATTERSON LAW GROUP
402 W Broadway, 29th Floor
San Diego, CA 92101
Telephone:     (619) 398-4760
Facsimile:      (619) 756-6991

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SCOTT NANCE and FREDERICK FREEDMAN, an individual, on behalf of themselves, all others similarly situated, and the general public,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MAY TRUCKING COMPANY, an Idaho corporation; DOES 1 through 100,<br><br>　　　　Defendant(s). | Case No. 3:12−cv−01655−HZ<br><br>**CLASS ACTION**<br><br>**THIRD AMENDED COMPLAINT FOR:**<br>1) **Minimum Wages (FLSA)**<br>2) **Minimum Wages (ORS)**<br>3) **Improper Deductions (ORS)**<br>4) **Penalty Wages Under ORS 652.150**<br><br>　　**JURY DEMAND** |

Individual and Representative Plaintiffs Scott Nance ("Nance") and Frederick Freedman ("Freedman") (collectively, "Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, complain against Defendant May Trucking Company ("Defendant") and DOES 1 through 100, inclusive, as follows:

## PRELIMINARY STATEMENT

1.  Plaintiffs bring this action to remedy Defendant's systematic failure to abide by the wage and hour laws set forth in the Fair Labor Standards Act and Oregon Revised Statutes with respect to the over the road drivers ("OTR Drivers") that Defendant employs in Oregon and throughout the United States.

2.  From the start of the Class Periods, Plaintiffs are informed and believe that Defendant has had a policy and practice of paying OTR Drivers in its "Entry Level Driver Program" less than the minimum wage for each hour worked, and not paying OTR Drivers at all to attend an employee orientation program.

3.  From the start of the Class Periods, Plaintiffs are informed and believe that Defendant has had a policy and practice of unlawfully deducting business expenses for the benefit of Defendant from OTR Drivers' wages.

4.  From the start of the Class Periods, Plaintiffs are informed and believe that Defendant has had a policy and practice of failing to maintain records of the time worked by OTR Drivers.

5.  Plaintiffs are informed and believe that Defendant has failed to pay all wages due to OTR Drivers whose employment ended during the Class Periods.

Page 1 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## THE PARTIES

6. Plaintiff Scott Nance was employed by Defendant as an OTR Driver from approximately September 2010 until approximately October 25, 2010. At all times during his employment with Defendant, Nance was a resident of the State of California.

7. Plaintiff Frederick Freedman was employed by Defendant as an OTR Driver from approximately December 2010 until approximately July 2011. At all times during his employment with Defendant, Freedman was a resident of the State of Arizona.

8. Upon information and belief, Plaintiff alleges that Defendant is incorporated in Idaho with its corporate headquarters at 4185 Brooklake Road NE, Salem, Oregon 97303.

9. Defendants DOES 1 through 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the damages sustained by Plaintiffs and the Class Members herein alleged were proximately caused by such defendants.

10. Upon information and belief, Plaintiffs allege that each of the defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the remaining defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to the remaining defendants.

Page 2 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 28 U.S.C. § 1331.

12. This Court has jurisdiction over Plaintiffs' claims under the Oregon Revised Statutes pursuant to 28 U.S.C. § 1367.

13. Venue in this Court is proper under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

14. Upon information and belief, Defendant is a trucking company that operates a fleet of more than 900 trucks, providing transportation services for refrigerated and dry products throughout the United States.

15. Defendant employs OTR Drivers to drive trucks carrying freight on routes throughout the country.

16. Defendant runs an Entry Level Driver Program to train newly hired OTR Drivers. While OTR Drivers participate in the Entry Level Driver Program, they are only paid $50.00 or $60.00 per day, even though they are on duty and working more than ten hours per day.

17. All OTR Drivers are required to attend a mandatory orientation session at Defendant's facilities. During this orientation session, Defendant instructs OTR Drivers on its policies and requirements for performing their work. Defendant does not pay wages to any OTR Driver for time worked at the orientation session.

18. Nance attended an orientation session at Defendant's facilities in Brooks, Oregon. Defendant did not pay Nance any wages for attending the orientation session.

19. After the orientation session, Nance drove as an Entry Level Driver with a more experienced OTR Driver. Nance was paid $50.00 per day as an Entry Level Driver, even though

Page 3 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

he regularly worked more than ten hours per day.  Nance drove in Oregon as an Entry Level Driver.

20. Freedman attended an orientation session at Defendant's facilities in Arizona. Defendant did not pay Freedman any wages for attending the orientation session.

21. After the orientation session, Freedman drove as an Entry Level Driver with a more experienced OTR Driver.  Freedman was paid $50.00 per day as an Entry Level Driver, even though he regularly worked more than ten hours per day.  Freedman drove in Oregon as an Entry Level Driver.

22. Defendant unlawfully deducts its costs of doing business from OTR Drivers' wages by deducting business expenses from their paychecks that should be borne by Defendant and not the OTR Drivers.

23. Defendant does not keep time records showing all hours worked by OTR Drivers.

24. Defendant has a policy of not paying all final wages to terminated employees.

25. Defendant failed to pay Nance and Freedman all final wages upon their termination.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring their claims on behalf of the following classes of persons, as alleged more specifically in each cause of action set forth herein:

> a. Plaintiffs bring a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who have been employed by Defendant as OTR Drivers at any time within the FLSA Class Period (as defined below) (the "FLSA Class");

Page 4 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

  b. Plaintiffs bring a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all FLSA Class Members who participated in Defendant's Entry Level Driver Program at any time within the FLSA Class Period (as defined below) (the "FLSA ELD Subclass");

  c. Plaintiffs bring a class action pursuant to Fed. R. Civ. P. 23 on behalf of all persons who have been employed by Defendant as OTR Drivers and who were dispatched out of Defendant's facilities in Brooks, Oregon at any time within the Oregon Class Period (as defined below) (the "Oregon Class"); and

  d. Plaintiffs bring a class action pursuant to Fed. R. Civ. P. 23 on behalf of all Oregon Class Members who participated in Defendant's Entry Level Driver Program at any time within the Oregon Class Period (the "Oregon ELD Subclass");

  e. Plaintiff Freedman brings a class action pursuant to Fed. R. Civ. P. 23 on behalf of all Oregon Class Members who had idling time deducted from their wages at any time within the Oregon Class Period (the "Oregon Deductions Subclass");

  f. Plaintiffs bring a class action pursuant to Fed. R. Civ. P. 23 on behalf of all Oregon Class Members whose employment terminated during the Oregon Class Period (the "Oregon ORS 652.150 Subclass").

27. The "FLSA Class Period" is the three year period prior to the filing of this action through the date of final disposition of this action.

Page 5 – THIRD AMENDED COMPLAINT

28. The "Oregon Class Period" is the six year period prior to the filing of this action through the date of final disposition of this action.

29. This action is brought, and may properly be maintained, as a class action because there is a well-defined community of interest in the litigation, the proposed Classes and Subclasses are easily ascertainable, and common questions of fact and law predominate.

30. The common questions of fact and law at issue here include:

   a. Whether Oregon law applies to Oregon Class Members;

   b. Whether Defendant's policy of failing to pay OTR Drivers any wages for attending orientation sessions is a violation of federal or Oregon minimum wage requirements;

   c. Whether Defendant's policy of paying OTR Drivers participating in the Entry Level Driver Program $50.00 or $60.00 per day regardless of the number of hours worked is a violation of federal or Oregon minimum wage requirements;

   d. Whether Defendant kept accurate records of hours worked by Class members;

   e. Whether Class members whose employment with Defendant ended during the Class Period are entitled to penalties under Oregon law for failure to pay all wages due upon termination of employment;

   f. Whether Defendant's deduction from OTR Drivers' pay of amounts for "idling time" violates Oregon law; and

   g. The proper measure of damages sustained and the proper measure of restitution recoverable by Class members.

Page 6 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

31. Plaintiffs' claims are typical of the other Class members. Like the Class members, Plaintiffs were subjected to Defendant's common employment policies and practices. Plaintiffs' job duties were and are typical of those of other Class members.

32. The Class members are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

33. Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel who are competent and experienced in complex class actions and employment litigation.

34. The nature of this action and the nature of laws available to Plaintiffs and the Class members make the use of the class action procedure a particularly efficient and appropriate mechanism to afford relief to Plaintiff and the Class for the wrongs alleged because:

    a. The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigation of individual actions would be too costly and burdensome;

    b. This case involves a sole employer and a large number of individual employees with many relatively small claims with common issues of law and fact;

    c. If each Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each Class member.

**FIRST CAUSE OF ACTION**
*(Failure to pay Minimum Wage - 29 U.S.C. § 206*
*By Plaintiffs, individually and on behalf of the FLSA Class and FLSA ELD Subclass*
*Against all Defendants)*

35. Plaintiffs incorporate each of the allegations in paragraphs 1 through 34 as if set forth in full herein.

36. The obligation to pay employees a minimum wage for all hours worked in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, applies to Defendant.

37. It has been Defendant's policy and practice throughout the FLSA Class Period to require new employees to attend a multi-day orientation session, at which they learn about Defendant's policies, requirements for their job as an OTR Driver, submit to drug testing, participate in driving tests, and complete necessary paperwork.

38. During the FLSA Class Period, Defendant failed to pay Plaintiffs and members of the FLSA Class any wages at all for attending orientation sessions.

39. Plaintiff Nance spent approximately 14 hours attending orientation sessions for which he was not paid in or about August 2010.

40. Plaintiff Freedman spent approximately 28 hours attending orientation sessions for which he was not paid in or about December 2010.

41. It has been Defendant's practice and policy throughout the FLSA Class Period to pay OTR Drivers who are participating in its Entry Level Driver Program a flat rate of $50.00 per day, regardless of the number of hours that OTR Drivers actually work.

42. At the applicable federal minimum wage rate of $7.25 per hour, Defendant's flat daily rate of $50.00 only covers 6.9 hours of work per day. Plaintiffs and the FLSA ELD Subclass Members regularly worked in excess of 6.9 hours per day. As a result, Defendants

Page 8 – THIRD AMENDED COMPLAINT

underpaid Plaintiffs and the FLSA ELD Subclass Members while they participated in the Entry Level Driver Program.

43. For example, during the pay period ending September 4, 2010, Defendant paid Plaintiff Nance $200.00, but he worked approximately 43.45 hours, resulting in an effective hourly rate of $4.60, which is below the federal minimum wage of $7.25.

44. During the pay period ending September 11, 2010, Defendant paid Nance $350.00, but he worked approximately 72.7 hours, resulting in an effective hourly rate of $4.81, which is below the federal minimum wage of $7.25.

45. During the pay period ending September 18, 2010, Defendant paid Nance $250.00, but he worked approximately 39.53 hours, resulting in an effective hourly rate of $6.32, which is below the federal minimum wage of $7.25.

46. During the pay period ending October 2, 2010, Defendant paid Nance $200.00, but he worked approximately 54.03 hours, resulting in an effective hourly rate of $3.70, which is below the federal minimum wage of $7.25.

47. During the pay period ending March 5, 2011, Defendant paid Plaintiff Freedman $350.00, but he worked approximately 119.35 hours, resulting in an effective hourly rate of $2.93, which is below the federal minimum wage of $7.25.

48. During the pay period ending March 12, 2011, Defendant paid Freedman $350.00, but he worked approximately 81.5 hours, resulting in an effective hourly rate of $4.29, which is below the federal minimum wage of $7.25.

49. During the pay period ending March 19, 2011, Defendant paid Freedman $350.00, but he worked approximately 82.92 hours, resulting in an effective hourly rate of $4.22, which is below the federal minimum wage of $7.25.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

50. During the pay period ending March 26, 2011, Defendant paid Freedman $350.00, but he worked approximately 85.10 hours, resulting in an effective hourly rate of $4.11, which is below the federal minimum wage of $7.25.

51. During the pay period ending April 2, 2011, Defendant paid Freedman $367.62, but he worked approximately 96.33 hours, resulting in an effective hourly rate of $3.81, which is below the federal minimum wage of $7.25.

52. During the pay period ending April 9, 2011, Defendant paid Freedman $150.00, but he worked approximately 23.15 hours, resulting in an effective hourly rate of $6.48, which is below the federal minimum wage of $7.25.Plaintiffs are informed and believe and thereon allege that Defendant intentionally, willfully, and improperly failed to pay minimum wages to Plaintiffs and members of the FLSA Class and FLSA ELD Subclass in violation of 29 U.S.C. § 206.

53. Defendant's conduct was willful because Defendant knew that Plaintiffs and members of the FLSA Class and FLSA ELD Subclass were entitled to be paid at least the federal minimum wage throughout the FLSA Class Period. Despite this, Defendant did not pay them the minimum wage, and Defendant did not adequately maintain records regarding time worked so that Plaintiffs and members of the FLSA Class and FLSA Subclass could determine whether they were paid properly.

54. As a result of Defendant's wrongful conduct, Plaintiffs and the FLSA Class and FLSA ELD Subclass have been damaged in an amount to be proved at trial.

55. Plaintiffs seek, on behalf of themselves and members of the FLSA Class and FLSA ELD Subclass, recovery of all unpaid wages, liquidated damages, interest, attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216(b) against Defendant, in an amount to be proved at trial.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## SECOND CAUSE OF ACTION
*(Failure to Pay Minimum Wage – ORS 653.025, 653.055*
*By Plaintiffs, individually and on behalf of the Oregon Class and Oregon ELD Subclass*
*Against all Defendants)*

56. Plaintiffs incorporate each of the allegations in paragraphs 1 through 34 as if set forth in full herein.

57. Defendant is based in Oregon and treats all Oregon Class Members as if they are Oregon-based employees by, among other things, deducting an amount from its employees' paychecks for the Oregon Workers' Benefit Fund.

58. ORS 653.025 sets the minimum hourly wage for work under Oregon law.

59. ORS 653.055 makes any employer who fails to pay an employee less than the minimum wage liable for the full amount of wages due, civil penalties pursuant to ORS 652.150, and reasonable attorneys' fees.

60. It has been Defendant's policy and practice throughout the Oregon Class Period to require new employees to attend a multi-day orientation session, at which they learn about Defendant's policies, requirements for their job as an OTR Driver, submit to drug testing, participate in driving tests, and complete necessary paperwork.

61. During the Oregon Class Period, Defendant failed to pay Plaintiffs and members of the Oregon Class any wages at all for attending orientation sessions.

62. Plaintiff Nance spent approximately 14 hours attending orientation sessions for which he was not paid in or about August 2010.

63. Plaintiff Freedman spent approximately 28 hours attending orientation sessions for which he was not paid in or about December 2010.

Page 11 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

64. It has been Defendant's practice and policy throughout the Oregon Class Period to pay OTR Drivers who are participating in its Entry Level Driver Program a flat rate of $50.00 or $60.00 per day, regardless of the number of hours that OTR Drivers actually work.  At the applicable Oregon minimum wage rate of $8.50 per hour, Defendant's flat daily rate of $50.00 or $60.00 only covers 5.9 or 7 hours of work per day.  Plaintiffs and the Oregon ELD Subclass Members regularly worked in excess of 5.9 hours per day.  As a result, Defendants underpaid Plaintiffs and the Oregon ELD Subclass Members while they participated in the Entry Level Driver Program.  The actual number of hours worked by Plaintiffs and the Oregon ELD Subclass in Oregon can be ascertained from Defendant's records, such as truck movement records or driver logs that show drivers' locations.

65. As a result of Defendant's wrongful conduct, Plaintiffs and the members of the Oregon Class and Oregon ELD Subclass have been damaged in an amount to be proved at trial.

66. Plaintiffs and the Oregon Class and Oregon ELD Subclass therefore request recovery of wages according to proof, plus penalties, interest, attorneys' fees and costs pursuant to ORS 653.055, 652.200, and any other applicable statutes.

### THIRD CAUSE OF ACTION
*(Improper Deductions From Wages – ORS 652.610*
*By Plaintiff Freedman, individually and on behalf of the Oregon Deductions Subclass*
*Against all Defendants)*

67. Plaintiff Freedman incorporates each of the allegations in paragraphs 1 through 34 as if set forth in full herein.

68. Defendant is based in Oregon and treats all Oregon Class Members as if they are Oregon-based employees by deducting an amount from its employees' paychecks for the Oregon Workers' Benefit Fund.

Page 12 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

69. ORS 652.610 states that an employer "may not withhold, deduct, or divert any portion of an employee's wages unless … [t]he deductions are authorized in writing by the employee, are for the employee's benefit and are recorded in the employer's books … ."

70. ORS 652.615 provides a penalty for violations of ORS 652.610.

71. Defendant has a policy of deducting "idling" charges from the wages of its OTR Drivers who need to idle their trucks to make them suitable for occupancy during extreme weather conditions.

72. "Idling" time is solely for the benefit of Defendant and is part of its regular business expenses, because it allows OTR Drivers to complete trips and deliver freight more quickly.

73. As a result of Defendant's wrongful conduct, Freedman and the members of the Oregon Class have been damaged in an amount to be proved at trial.

74. Freedman and the Oregon Class therefore request recovery of all amounts improperly deducted from their wages according to proof or statutory damages as allowed by ORS 652.615, plus penalties, interest, attorneys' fees and costs pursuant to ORS 652.610, 652.615, and any other applicable statutes.

**FOURTH CAUSE OF ACTION**
*(Penalty Wages Under ORS 652.150*
*By Plaintiffs, individually and on behalf of the Oregon 652.150 Subclass*
*Against all Defendants)*

75. Plaintiffs incorporate each of the allegations in paragraphs 1 through 34 as if set forth in full herein.

Page 13 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

76. Defendant is based in Oregon and treats all Oregon Class Members as if they are Oregon-based employees by, among other things, deducting an amount from its employees' paychecks for the Oregon Workers' Benefit Fund.

77. ORS 652.150 provides for a penalty wage to employees when their employer fails to pay wages due on termination of employment.

78. Plaintiffs and the members of the Oregon 652.150 Subclass terminated their employment with Defendant during the Oregon Class Period. At the time of their termination, Plaintiffs were owed minimum wages, and Plaintiff Freedman was entitled to reimbursement of improper deductions for idling time that were improperly withheld from his wages.

79. Defendant's failure to pay wages to Plaintiffs and the members of the Oregon 652.150 Subclass was willful, without any justification or excuse, and in violation of Oregon law.

80. As a result of Defendant's wrongful conduct, Plaintiffs and the Oregon 652.150 Subclass are entitled to penalties under ORS 652.150, and attorney fees and costs pursuant to ORS 652.200 and any other applicable statute.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves, and all present and former similarly situated Subclass and Class Members, and on behalf of the general public, request the following relief:

A. That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b) as to the claims alleged by Plaintiffs and the FLSA Class;

Page 14 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

B.      That the Court determines that this action may be maintained as a class action under Fed. R. Civ. P. 23 as to all other claims;

C.      That the Court finds that Defendant's violations as described herein were willful;

D.      That the Court awards Plaintiffs, the Classes and Subclasses all damages due as a result of Defendant's conduct and interest thereon;

E.      That Defendants be enjoined and ordered to pay restitution to Plaintiffs, the Classes and Subclasses due to Defendant's unfair and unlawful business practices;

F.      That Defendant further be enjoined to cease and desist from its unlawful and unfair business practices;

G.      That Plaintiffs, the Classes and the Subclasses be awarded reasonable attorneys' fees and costs pursuant to any applicable federal or Oregon statutes; and

H.      That the Court awards such other and further relief as this Court may deem appropriate.

DATED this  5th  day of April, 2013.

                STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

                By: /s/ Steve D. Larson
                    Steve D. Larson, OSB No. 863540
                    Jennifer S. Wagner, OSB No. 024470

                209 SW Oak Street, Suite 500
                Portland, OR 97204
                Telephone:    (503) 227-1600
                Facsimile:    (503) 227-6840
                Email:         slarson@stollberne.com
                              jwagner@stollberne.com

Page 15 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

and

James R. Patterson (*Admitted Pro Hac Vice*)
Allison H. Goddard (*Admitted Pro Hac Vice*)
PATTERSON LAW GROUP
402 W Broadway, 29th Floor
San Diego, CA 92101
Telephone:  (619) 398-4760
Facsimile:  (619) 756-6991
Email:  jim@pattersonlawgroup.com
  ali@pattersonlawgroup.com

*Attorneys for Plaintiffs*

Page 16 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## **JURY DEMAND**

Plaintiffs request a trial by jury on all issues so triable.

DATED this  5th  day of April, 2013.

        STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


        By:  /s/ Steve D. Larson
           Steve D. Larson, OSB No. 863540
           Jennifer S. Wagner, OSB No. 024470

        209 SW Oak Street, Suite 500
        Portland, OR 97204
        Telephone:     (503) 227-1600
        Facsimile:      (503) 227-6840
        Email:             slarson@stollberne.com
                         jwagner@stollberne.com

        and

        James R. Patterson (*Admitted Pro Hac Vice*)
        Allison H. Goddard (*Admitted Pro Hac Vice*)
        PATTERSON LAW GROUP
        402 W Broadway, 29th Floor
        San Diego, CA 92101
        Telephone:     (619) 398-4760
        Facsimile:      (619) 756-6991
        Email:             jim@pattersonlawgroup.com
                         ali@pattersonlawgroup.com

        *Attorneys for Plaintiffs*

Page 17 – THIRD AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840