IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT NANCE and FREDERICK
FREEDMAN, individuals on behalf of
themselves, all others similarly situated,
and the general public,

No. 3:12-cv-01655-HZ

OPINION & ORDER

        Plaintiffs,

   v.

MAY TRUCKING COMPANY, an Idaho
corporation, and DOES 1 through 100,

        Defendants.

Allison H. Goddard
James Patterson
Patterson Law Group, APC
402 West Broadway, 29th Floor
San Diego, CA 92101

Steve D. Larson
Jennifer S. Wagner
Stoll Stoll Berne Lokting & Shlachter
209 SW Oak Street, 5th Floor
Portland, OR 97204

     Attorneys for Plaintiffs

1 - OPINION & ORDER

Adam C. Smedstad
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603

James H. Hanson
Kelli M. Block
R. Jay Taylor, Jr.
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1500
Indianapolis, IN 46204

Kim T. Buckley
Esler Stephens & Buckley
888 SW Fifth Avenue, Suite 700
Portland, OR 97204-2021

       Attorneys for Defendants

HERNÁNDEZ, District Judge:

       Plaintiffs Scott Nance and Frederick Freedman allege minimum wage violations, improper deduction of wages, and penalty wages for failure to pay wages upon termination—all on behalf of themselves and others similarly situated. Plaintiffs moved to certify all the claims. I denied the motion in part, and did not grant certification of the ORS § 652.610 improper deduction claim. Jun. 10, 2013 Op. & Order [92]. On March 19, 2014, a one-day court trial was held on the improper deduction claim. Plaintiff Freedman now moves for reconsideration of the order denying class certification of the improper deduction claim in light of new evidence presented at trial. I find that the new evidence is insufficient to reverse the denial of class certification. The motion for reconsideration [172] is denied.

## DISCUSSION

       As an initial matter, I must determine the appropriate standard under which to evaluate Plaintiff's motion for reconsideration. Plaintiff does not specify the procedural rule that is applicable, but invokes a standard that is used for motions brought under Rule 59(e). Pl.'s Br. 6

2 - OPINION & ORDER

("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error…(3) if there is an intervening change in controlling law.") (quoting Sch. Dist. No. 1J v. Acands, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).  However, Rule 59(e) requires that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. Civ. R. P. 59(e).  A judgment has not been entered in this case.  Rule 59(e) is not the appropriate rule for Plaintiff's motion.

Rule 60(b) is the other rule under which a motion for reconsideration may be brought. Rule 60(b) allows for relief from a judgment or an order.  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994) (citation and quotation marks omitted).  A court may grant reconsideration based on:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  I will analyze Plaintiff's motion under this rule.[1]

Plaintiff argues that reconsideration of the denial of certification for the improper deduction claim is warranted in light of new evidence raised at trial.  The new evidence is testimony from Scott Smith, Vice President of Human Resources for May Trucking, who stated the following:

> Q. They can run their devices for hours on the extra large batteries in the truck, so they don't necessarily need to idle to run computers and personal electronics, correct?
> A. That's correct.
> Q. So why would a driver need to idle for personal reasons?

---

[1] Plaintiff's arguments are still relevant, whether under the standard that Plaintiff proposed or Rule 60(b), because both rules allow a district court to reconsider its decision in light of newly discovered evidence.

3 - OPINION & ORDER

> A. There really aren't any reasons for a driver to idle, other than to recharge the batteries. So if they've used the batteries for their own personal uses, for their electronic devices or for anything else, this gives them, again, the benefit of the doubt, to ensure that their comfort is ensured.
> Q. But you'd expect that with the battery load in the trucks and type of equipment that May Trucking has, that would be a pretty rare event?
> A. It is a pretty rare event. But again, it goes back to the choice of the driver to use or not use. It's really the behavior of the driver that we're talking about, not whether the equipment can -- can handle it.

Goddard Decl. Ex. 1 at 17-18. Plaintiff argues that Smith's testimony proves that truck "drivers do not need to idle the truck during non-working time for their personal benefit." Pl.'s Br. 1. I disagree. Plaintiff infers too much from Smith's testimony. Smith testified as to May Trucking's idling policy—that it was designed so that drivers would rarely have to idle the truck—and the capability of the truck's batteries. Smith did not testify as to the actual conduct of drivers, that drivers never idled the truck for their personal benefit. I previously denied class certification of the improper deduction claim because I found that individualized testimony would be required to analyze the merits of the claim. "The court would need to examine why each driver incurred charges for additional idling time. This claim does not present a common issue for all class members because determining the reason for idling would require individualized testimony." Jun. 10, 2013 Op. & Order, 17. Smith's testimony does not invalidate my reason for denying class certification.

Plaintiff next argues that Defendant presented new evidence concerning idle time reports (Ex. 513) and screenshots of the Qualcomm Sensor TRAC system (Ex. 514). Pl.'s Br. 2; Goddard Decl. Exs. 3-4. Plaintiff argues that this new evidence can be "used to determine whether a driver idled during working time[.]" Id. at 3. I disagree. The idle time reports show the total idle time that a driver incurred over a two-week period. Ex. 513. The screenshots of the Sensor TRAC system, as explained by Smith, show that a driver has the ability to check his idle

percentage. Tr. 95 ("[T]he Qualcomm system there is an idle tracking mechanism which allows a driver to see what his idle percentage is."). Neither the idle time reports nor the capability of the Sensor TRAC system obviates the need for individualized testimony regarding the reason for the excess idle time. There exists the possibility that the excess idle time was incurred by the driver for his personal benefit. This evidence does not eliminate that possibility.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration [172] is denied.

IT IS SO ORDERED.

Dated this 9 day of June, 2014.

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

5 - OPINION & ORDER