IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT NANCE and FREDERICK
FREEDMAN, individuals on behalf of              No. 3:12-cv-01655-HZ
themselves, all others similarly situated,
and the general public,                              OPINION & ORDER

                    Plaintiffs,

        v.

MAY TRUCKING COMPANY, an Idaho
corporation, and DOES 1 through 100,

                    Defendants.


Allison H. Goddard
James Patterson
Patterson Law Group, APC
402 West Broadway, 29th Floor
San Diego, CA 92101

Steve D. Larson
Jennifer S. Wagner
Stoll Stoll Berne Lokting & Shlachter
209 SW Oak Street, 5th Floor
Portland, OR 97204

        Attorneys for Plaintiffs

Adam C. Smedstad
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603

James H. Hanson
Kelli M. Block
R. Jay Taylor, Jr.
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1500
Indianapolis, IN 46204

Kim T. Buckley
Esler Stephens & Buckley
888 SW Fifth Avenue, Suite 700
Portland, OR 97204-2021

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiffs Scott Nance and Frederick Freedman claimed minimum wage violations, improper deduction of wages, and penalty wages for failure to pay wages upon termination, on behalf of themselves and others similarly situated.  Plaintiffs' motion for class certification was granted in part.  Only the improper deduction claim was not certified.

      After ruling on summary judgment motions, the claims remaining for trial were the third claim for improper deductions under ORS § 652.610 and the fourth claim for penalty wages for failure to pay wages upon termination under ORS § 652.140.  Because the improper deduction claim was not certified, only Plaintiff Freedman asserted these claims.  On March 19, 2014, a one-day court trial was held.  Plaintiff was awarded $200 in damages, costs, and reasonable attorney fees.  Jun. 9, 2014 Findings of Fact & Conclusions of Law [179], 7.  Presently before the court is Plaintiff's motion for attorney fees and costs [182].  Plaintiff requests $102,046 in

attorney fees[1] and $3,490.62[2] in costs.  I grant Plaintiff's motion in part and award $40,603.15 in

attorney fees and $919.07 in costs.

DISCUSSION

I.    Motion for Attorney Fees

    A.    Entitlement to Fees

Plaintiff prevailed on his third claim for improper deductions under ORS § 652.610.  As

pled by Plaintiff, the penalty for violation of ORS § 652.610 is found in ORS § 652.615.  Third

Am. Compl. ¶ 70.  The penalty allows for actual damages or $200, whichever is greater.  ORS §

652.615.  In addition to costs, the prevailing party may be awarded reasonable attorney fees.  Id.

("In any such action the court may award to the prevailing party, in addition to costs and

disbursements, reasonable attorney fees.").  After the court trial, Plaintiff was awarded $200,

costs, and reasonable attorney fees.  Findings of Fact & Conclusions of Law at 7.

Defendant challenges Plaintiff's award of attorney fees, arguing that Plaintiff failed to

provide written notice of the wage claim prior to filing suit, as required by ORS § 652.200(2).

Def.'s Resp. 3.

> In any action for the collection of wages, if it is shown that the wages were not
> paid for a period of 48 hours…after the wages became due and payable, the court
> shall, upon entering judgment for the plaintiff, include in the judgment… a
> reasonable sum for attorney fees…unless the court finds that the plaintiff's
> attorney unreasonably *failed to give written notice of the wage claim to the
> employer before filing the action*.

ORS § 652.200(2) (emphasis added).  Defendant argues that Plaintiff did not provide notice and

thus Plaintiff is not entitled to attorney fees.  I do not agree with Defendant.  As explained

---

[1] Plaintiff's motion requested $96,846 in attorney fees incurred through the filing of the motion
for attorney fees, plus an additional amount for a reply brief in support of its motion.  Pl.'s Mem.
1.  Plaintiff incurred $5,200 in attorney fees for its work on the reply brief.  Pl.'s Reply 6.  The
total attorney fee request is $102,046, not $101,604, as Plaintiff calculated (Pl.'s Reply 7).
[2] In its reply brief, Plaintiff requests $5,717.86 in costs, but provides no argument or evidence to
support the increased request for costs.  Pl.'s Reply 7.

earlier, Plaintiff's basis for the attorney fee award is ORS § 652.615, not ORS § 652.200(2).

Providing written notice of the wage claim is not required for an award of attorney fees under

ORS § 652.615.

For attorney fees to be awarded under ORS § 652.615, the court must exercise its

discretion to award the attorney fees. The following factors shall be considered:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

ORS § 20.075(1)(a)–(h). After considering the above factors, particularly factors (a), (b), (e),

and (h), I find that Plaintiff is entitled to attorney fees. Plaintiff's improper deduction claim

primarily stems from Defendant's failure to keep accurate records of deductions taken from

Plaintiff's wages. Plaintiff's claim for improper deductions was entirely reasonable. As for

deterrence, I do not find that an award of attorney fees would prevent good faith or meritless

claims and defenses. The parties were reasonable and professional during the litigation of this

case. I also consider the fact that the damages for the individual improper deduction claim was

small, but the claim had merit. An award of attorney fees would encourage attorneys to pursue

small claims that have merit, but not necessarily a large recovery in damages.

/ / /

B.    Amount of Fees

Plaintiff seeks $102,046 in attorney fees.  Defendants object to the fee request for several reasons:  (1) the local legal market hourly rate was not used, (2) attributing one-third of the attorney fees for the improper deduction claim was improper, (3) the fee request is disproportionate to Plaintiff's recovery, (4) the billing entries contain vague entry descriptions and block billing, and (5) the use of multiple attorneys and paralegals was not necessary.  Def.'s Resp. 4-11.

The court must consider the following factors to determine the amount of attorney fees to award:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

ORS § 20.075(2)(a)–(h).  When analyzing the factors under ORS § 20.075, the Court should "includ[e] in its order a brief description or citation to the factor or factors on which it relies." McCarthy v. Or. Freeze Dry, Inc., 957 P.2d 1200, 1208 (Or. 1998).  But the Court "ordinarily has no obligation to make findings on statutory criteria that play no role in the Court's decision." Frakes v. Nay, 295 P.3d 94, 106 (Or. Ct. App. 2012).  Plaintiff does not address all the factors in ORS § 20.075(2).  I will consider only the following factors for which Plaintiff has presented evidence and include Defendant's arguments where appropriate.

/ / /

  1.    Fee in Locality

I combine the discussion of the fee customarily charged and the experience and ability of

the attorney together because the two factors are related.  The chart below summarizes the hourly

rates that Plaintiff seeks for its attorneys and paralegals.

| FIRM | NAME | POSITION | YEARS OF PRACTICE[3] | HOURLY RATE |
|------|------|----------|----------------------|-------------|
| Patterson Law Group | Allison Goddard | Of Counsel | 14 | $675 |
| | James Patterson | Principal | 14 | $675 |
| | Elizabeth Favret | Associate | 1 | $300 |
| Stoll Berne | Steve Larson | Partner | 28 | $420 |
| | Jennifer Wagner | Partner | 12 | $315 |
| | Angelene Falconer | Paralegal | 8 | $180 |
| | Tania Starry McGee | Paralegal | unknown | $180 |
| | Noell Martinez | Paralegal | unknown | $120[4] |

Goddard Decl. ¶¶ 5-7, 9–11, Ex. 1 at 4–6.

  a.    Attorneys

In determining the reasonable hourly rate, the court must look at the "prevailing market

rates in the relevant community[.]"  Blum v. Stenson, 465 U.S. 886, 895 (1984).  The court

determines what a lawyer of comparable skill, experience, and reputation could command in the

relevant community.  Id. at 895 n.11.  "Generally, the relevant community is the forum in which

the district court sits."  Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).  The fee applicant

has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that

the requested rates are in line with those prevailing in the community for similar services of

---

[3] The years of practice are calculated from 2014.  Because the fees were incurred over a three-year span, from 2012 to 2014, I will factor this difference when appropriate.
[4] Plaintiff requests two different hourly rates for Ms. Martinez.  In the opening brief and the declaration in support, Ms. Martinez's hourly rate is stated as $120 and $150.  Pl.'s Mem. 5 ($120), 8 ($150); Goddard Decl. ¶ 11 ($150); Goddard Decl. Ex. 1 at 6 ($120).  I will consider the $120 hourly rate because this hourly rate was used to calculate the attorney fee request. Goddard Decl. Ex. 1 at 6.

lawyers of reasonably comparable skill and reputation.  Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).  As a benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality, this court uses the most recent Oregon State Bar (OSB) Economic Survey.[5]  Roberts v. Interstate Distrib. Co., 242 F. Supp. 2d 850, 857 (D. Or. 2002).

Plaintiff requests a $675 rate for both Goddard and Patterson, both of whom have 14 years of experience.  Both focus their practice on class actions and complex litigation.  Goddard Decl. ¶¶ 5–6.  The $675 rates for Goddard and Patterson are based on the San Diego, California legal market.  Pl.'s Mem. 7.  San Diego, however, is not the relevant community for determining the prevailing market rate.  Plaintiff provides no justification for using hourly rates based on the San Diego legal market, other than the fact they have been awarded such rates by other *California* courts.  Id.  I find that the relevant community is Portland, Oregon and thus will rely on the OSB Economic Survey.  According to the 2012 OSB Economic Survey, the average hourly rate for Portland attorneys with 13 to 15 years of practice is $312.  I find that the average hourly rate of $312 is a reasonable rate for Goddard and Patterson.

Plaintiff requests a $300 rate for Favret.  Favret was admitted to practice law in 2013, but served as a law clerk for two years.  Goddard Decl. ¶ 7.  The average hourly rate for Portland attorneys with zero to three years of practice is $182.  I find that $182 is a reasonable rate for Favret.

Plaintiff requests a $420 rate for Larson, a commercial litigation attorney with 28 years of experience.  The average hourly rate for Portland attorneys with 21 to 30 years of practice is $326.  I find that $326 is a reasonable hourly rate for Larson.

---

[5] The most recent OSB Economic Survey was published in 2012 and is available at http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

Plaintiff requests a $315 rate for Wagner, a commercial litigation attorney with 12 years of experience. Considering that the average hourly rate for Portland attorneys with 10 to 12 years of practice is $280. I find that $280 is a reasonable rate for Wagner.

        b.      Paralegals

Plaintiff seeks varying rates for its paralegals: Falconer, $180; McGee, $180; and Martinez, $120. Although the OSB Economic Survey contains no information regarding paralegal billing rates, Judges in this District have noted that a reasonable hourly rate for a paralegal should not exceed that of a first year associate. Knowledge Learning Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 3:10-cv-00188-ST, 2011 U.S. Dist. LEXIS 57174, at *16–17 (D. Or. Apr. 19, 2011) (reducing requested paralegal hourly rate from $215 and awarding hourly rate of $165 based on paralegal's extensive experience); see also HMM Enters, LLC v. Geppert, No. 3:12-cv-01874-MO, 2013 U.S. Dist. LEXIS 95350, at *4–5 (D. Or. July 9, 2013) (finding requested hourly rates of $100 and $90 reasonable as they were below average for first-year associate and "in line with other paralegal fee awards"); Prison Legal News v. Umatilla Cnty., No. 2:12-cv-01101-SU, 2013 U.S. Dist. LEXIS 71104, at *17 (D. Or. Feb. 27, 2013) (awarding paralegal hourly rates of $125, $105, and $90 and noting they did not exceed average rate for first-year associate).

The 2012 OSB Economic Survey shows that the average hourly rate for Portland attorneys with zero to three years of experience is $182. This attorney hourly rate is used as a ceiling and is not by itself determinative of a reasonable hourly rate. The only evidence that Plaintiff provides is that Falconer has eight years of experience as a paralegal. I am unaware of whether any of these individuals have certifications or degrees that qualify them to be paralegals.

In the absence of such evidence, I find that $125 is a reasonable rate for Falconer and $75 for McGee and Martinez.

        2.        Time, Labor, Difficulty, Skill

Defendants argue that the time and labor spent by Plaintiff's attorneys is not reasonable. Defendants' objections fall into the following categories:  (1) Plaintiff's method of calculating the time spent on the improper deduction claim, (2) billing entries with vague descriptions and block billing, and (3) the unnecessary use of multiple attorneys and paralegals.

        a.        Apportioning Time for Improper Deduction Claim

Plaintiff brought three claims, but attorney fees were awarded only for work related to the improper deduction claim.  Plaintiff states that it excluded time from the fee request that dealt solely with the class certification or minimum wage claims.  Pl.'s Mem. 10.  For tasks that overlapped among all the claims, Plaintiff claimed one-third of the time.  Id.  The categories of tasks that contained overlapping efforts include:  depositions, discovery, amending the complaint, and general case management.  Id. at 9.

Defendants object to the Plaintiff's method of calculating the hours spent on the improper deduction claim.  Def.'s Resp. 6.  Defendant objects specifically to the deposition and discovery categories, arguing that the time spent on the improper deduction claim for these tasks was less than one-third.  Id.  For example, under the deposition category, Plaintiff requests fees for 8.6 hours (one-third of the total time) to prepare, take, and defend Plaintiff's deposition.  Goddard Decl. Ex. 1 at 7.  Defendant argues that only 6% of the total time should be awarded because the 232 pages of the deposition transcript, only 14 pages dealt specifically with Plaintiff's individual improper deduction claim.  Def.'s Resp. 6.  Defendant makes a similar argument for the discovery category—that of the 119 written requests, 2% dealt with the individual improper

deduction claim.  Id. at 6–7.  I am not persuaded by Defendant's reasoning.  I am reluctant to apportion fees based on a percentage of the deposition transcript or the written discovery request because the transcript is not necessarily reflective of the amount of time that was required to undertake the task as a whole.  I have reviewed the entries for the deposition and discovery categories, as well as the other categories, and find that a one-third apportionment is appropriate.

> b.    Vague Entries and Block Billing

Defendant argues that Plaintiff's time entries include vague descriptions and block billing.  Def.'s Resp. 10.  The numbers of hours expended must not only be reasonable, but also adequately documented.  Sterling Sav. Bank v. Sequoia Crossing, LLC, No. 09-555-AC, 2010 U.S. Dist. LEXIS 82039, at *16 (D. Or. Aug. 11, 2010).  This District has specifically cautioned against block billing and providing vague or otherwise inadequate descriptions of tasks because these practices greatly hinder the court's ability to assess the reasonableness of the time expended.  See U.S. District Court, Message Regarding Attorney Fee Petitions, http://www.ord.uscourts.gov/index.php/court-policies-517/fee-petitions (last updated Feb. 6, 2013).  Block billing occurs when "all or a substantial part of an attorney's time for one day is billed as a 'block' without segregating time for individual tasks."  Id.  "The Court recommends that members of the bar…support their fee petitions with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task."  Id.

I agree with Defendants that some of the billing entries are vague or even worse, are both vague and suffer from block billing.  For these particular entries, the reasonableness of the time spent is difficult to ascertain.  The following examples illustrate the problem:  4.3 hours to

"prepare for trial" or 3.8 hours to "research and draft motion for attorney fees."[6] Goddard Decl.

Ex. 1 at 5.  I am unable to determine whether the amount of time billed is reasonable for the

described task.  Plaintiff has failed to satisfy its burden to show that the hours billed are

reasonable.  After reviewing the billing entries, I found 10 entries that were problematic, for

which I will take a 25% reduction in the time billed.  Therefore, I deduct 8.4 hours from time that

Goddard billed, 1.4 hours from time that Favret billed, 2.25 hours from time that Patterson billed,

and 1.3 hours from time that Wagner billed.[7]

Plaintiff requests an additional 12.9 hours for time Favret spent to review and respond to

Defendant's brief in opposition to the motion for attorney fees and an additional two hours for

time Goddard spent to supervise and finalize Plaintiff's reply brief.  I find that the two hours that

Goddard spent is reasonable.  Plaintiff did not provide billing entries to describe with more

specificity how the 12.9 hours were spent by Favret, and thus the 12.9 hours are also subject to

the 25% reduction.

c.    Multiple Attorneys

Defendants object to Plaintiff's use of multiple attorneys and paralegals to litigate the

improper deduction claim.  The improper deduction claim was not complex and the requirements

were laid out in the statute.  Generally, "[w]hen attorneys hold a telephone or personal

conference, good 'billing judgment' mandates that only one attorney should bill that conference

to the client, not both attorneys."  Nat'l Warranty Ins. Co. v. Greenfield, No. CV-97-01654-ST,

---

[6] In comparison, even though Larson also performed tasks related to trial preparation, his billing entries describe the specific tasks he performed for trial preparation.  Goddard Decl. Ex. 1 at 6. Likewise, "research and draft motion for attorney fees" could have been more descriptive in terms of the issue researched or the section of the motion that was being drafted.

[7] The entries subject to the 25% reduction include the following:  (Goddard) 3/14/14, 4.3 hours; 3/17/14, 9.4 hours; 3/18/14, 10.6 hours; 7/11/14, 3.8 hours; 7/13/14, 1.2 hours; 7/15/14, 3.1 hours; 7/16/14, 1 hour; (Favret) 7/10/14, 5.4 hours; (Patterson) 3/18/14, 9 hours; (Wagner) 3/18/14, 5.2 hours.  Goddard Decl. Ex. 1 at 5–6.

2001 U.S. Dist. LEXIS 7763, at *14 (D. Or. Feb. 8, 2001); see also Marquez v. Harper Sch. Dist. No. 66, No. 2:09-cv-01254-SU, 2012 U.S. Dist. LEXIS 88940, at *26 (D. Or. June 26, 2012) (good billing practice requires that only one attorney bill for time spent in conference with multiple attorneys; duplicative hours billed by attorney with lower hourly rate were excluded); West Linn Corporate Park, LLC v. City of West Linn, No. 3:01-cv-01787-HZ, 2011 U.S. Dist. LEXIS 115000, at *38-40 (D. Or. Oct. 4, 2011) (fees reduced because of duplicative efforts among counsel; such duplication is inconsistent with a higher hourly rate based on counsel's expertise).

I agree that there was unnecessary duplication of effort among the attorneys hired by Plaintiff, particularly to prepare and attend the one-day court trial that involved one straightforward claim. The improper deduction claim did not require more than one attorney to litigate. In response to Defendant's argument, Plaintiff notes that Defendant's in-house counsel was present throughout the trial and that Defendant has not provided its billing records to show how much time it spent on trial preparation. Neither of these reasons, however, justifies *Plaintiff's* decision to use multiple attorneys. "A party is certainly free to hire and pay as many lawyers as it wishes, but cannot expect to shift the cost of any redundancies to its opponent." Nat'l Warranty Ins. Co., 2001 U.S. Dist. LEXIS 7763, at *14.

Upon review of the billing records, I found several instances in which multiple attorneys billed to conference with one another or duplicated efforts on tasks. In such instances, I will reduce the time for the attorney with the lower billing rate. Therefore, I deduct 17.35 hours from time that Patterson billed and 10.4 hours[8] from time that Wagner billed.[9] I did not find duplication of efforts among the paralegals, and thus no reduction is required.

---

[8] Goddard and Patterson have been awarded the same hourly rate of $312. I reduced Patterson's time because Goddard was the lead outside counsel for Plaintiff.

3.      Disproportionate Attorney Fee Request

Defendant argues that the attorney fee request is disproportionate to Plaintiff's recovery. One of the factors to determine the reasonableness of the attorney fee request is the amount involved in the controversy and the results obtained.  ORS § 20.075(2)(d).  The remedy for Plaintiff's improper deduction claim is the greater of actual damages or $200.  Because Plaintiff alleged $15.99 in improper deductions, Plaintiff was awarded $200 in damages.  Plaintiff seeks $102,046 in attorney fees.  After the accounting for the other factors in ORS § 20.075(2), as discussed above, the attorney fees have been reduced to $39,380.88.

"Although the amount of money in issue and the amount of recovery are germane to the reasonableness of an attorney fee, they are not limitations."  Willamette Production Credit Ass'n v. Borg-Warner Acceptance Corp., 706 P.2d 577, 579 (Or. Ct. App. 1985).  While Plaintiff's individual improper deduction claim was straightforward, this case had a more complex beginning.  Plaintiff originally brought the improper deduction claim, as well as two other claims, as class and collective actions.  Additionally, attorney fees are allowed by statute in claims where the recovery may be small in order to encourage attorneys to pursue those claims. See id. (attorney fees possible despite small amount of recovery under unlawful trade practice and lien foreclosure actions); see also Roberts v. Interstate Distrib. Co., 242 F. Supp. 2d 850, 858 (D. Or. 2002) ("If the Court were to reduce the amount of attorneys' fees based on this seemingly disproportionate effort, the Court might discourage attorneys from accepting employment discrimination claims when small sums are in controversy.").  The attorney fee request has already been reduced by $62,665.12, a 61% reduction.  I have reviewed the

---

[9] The entries subject to the reduction include the following:  (Patterson) 1/20/14, 0.3 hours; 1/28/14, 0.2 hours; 1/29/14, 0.1 hours; 1/30/14, 0.3 hours; 2/18/14, 1.2 hours; 3/18/14, 75% of 9 hours; 3/19/14, 8.5 hours; (Wagner) 2/13/14, 0.75 hours; 2/17/14, 0.9 hours; 3/19/14, 8.75 hours. Goddard Decl. Ex. 1 at 2–3.  Only 75% of the 9 hours Patterson billed on 3/19/14 is subject to reduction because 25% of that same entry has already been deducted for vagueness.

remaining time entries of Plaintiff's counsel and find that the reductions I have already made to

the attorney fee request are sufficient.  I decline to further reduce the amount of attorney fees

because Plaintiff's individual recovery is small compared to the attorney fees awarded.

     C.     Summary of Attorney Fee Findings

     I award Plaintiff $40,603.15 in attorney fees.  The following chart summarizes my

findings regarding attorney fees.

| NAME | RATES GRANTED | HOURS REQUESTED[10] | HOURS GRANTED | FEES |
|------|---------------|---------------------|---------------|------|
| Goddard | $312 | 98.2 | 89.9 | $28,033.00 |
| Patterson | $312 | 20.7 | 1.1 | $343.20 |
| Favret | $182 | 22 | 17.4 | $3,171.35 |
| Larson | $326 | 8.9 | 8.9 | $2,901.40 |
| Wagner | $280 | 25.5 | 13.8 | $3,864.00 |
| Falconer | $125 | 16.4 | 16.4 | $2,050.00 |
| McGee | $75 | 1.7 | 1.7 | $127.50 |
| Martinez | $75 | 1.5 | 1.5 | $112.50 |
| | | | | |
| | | | TOTAL FEES | $40,603.15 |

## II.     Costs

     Plaintiff seeks $3,490.62 in costs.  This total represents the cost of transcripts for the

depositions of Plaintiff Frederick Freedman, Kimberly Garnica, and Scott Smith—all witnesses

at trial; and the trial transcript.  Pl.'s Mem. 12; Goddard Decl. Ex. 6 at 1.

     A.     Standard

     Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these

rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

to the prevailing party."  Fed. R. Civ. P. 54(d).  "Costs" taxable under Rule 54(d) "are limited to

those set forth in 28 U.S.C. §§ 1920 and 1821."  Twentieth Century Fox Film Corp. v. Entm't

---

[10] Exhibit 1 of the Goddard Declaration lists the total hours billed for each individual.

14 - OPINION & ORDER

Distrib., 429 F.3d 869, 885 (9th Cir. 2005), citing Crawford Fitting Co. v. J. T. Gibbons, Inc.,

482 U.S. 437, 445 (1987).  Under 28 U.S.C. § 1920, the court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  "Taxable costs are limited to relatively minor, incidental expenses…."

Taniguchi v. Kan. Pac. Saipan, Ltd., 633 F.3d 1218, 1221 (9th Cir. 2011) (citation omitted).  "It

comes as little surprise, therefore, that costs almost always amount to less than the successful

litigant's total expenses in connection with a lawsuit."  Id.

Rule 54 creates a presumption in favor of awarding costs to the prevailing party.  E.g.,

Assoc. of Mex.-Am. Educators v. State of Cal., 231 F.3d 572, 592–93 (9th Cir. 2000).  "[I]f a

district court wishes to depart from that presumption, it must explain why so that the appellate

court will be able to determine whether or not the trial court abused its discretion…[and] explain

why a case is not ordinary."  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir.

2003) (citation omitted).  The court may consider "the losing party's limited financial

resources,…misconduct on the part of the prevailing party,…the importance of the issues,…the

importance and complexity of the issues,…the merit of the plaintiff's case,…and the chilling

effect on future civil rights litigants of imposing high costs."  Id.

The district court, however, "needs no affirmatively expressed reason to tax costs.

Rather, it need only conclude that the reasons advanced by the party bearing the burden—the

losing party—are not sufficiently persuasive to overcome the presumption."  Id. at 946.  Courts

are free to construe the meaning and scope of the items enumerated as taxable costs in 28 U.S.C. § 1920. Taniguchi, 633 F.3d at 1221; Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990). The district court retains broad discretion to decide how much to award, if anything. Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir. 2013). Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

      B.      Analysis

Plaintiff seeks fees incurred to obtain the transcripts of depositions and the trial. To be awarded as costs, the transcripts must have been "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "In general, the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case." Frederick v. City of Portland, 162 F.R.D. 139, 143 (D. Or. 1995).

Plaintiff seeks transcript fees for the depositions of Plaintiff, Garnica, and Smith. "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Frederick, 162 F.R.D. at 143. The presence of a reference to the deposition in the record is not a prerequisite to a determination that it was necessarily obtained. Id. Nonetheless, disallowance for expenses of depositions not used at trial is within the district court's discretion. Washington State Dept. of Transp. v. Washington Natural Gas Co., 59 F.3d 793, 806 (9th Cir. 1995).

Defendant objects to Plaintiff's request for costs of the entire transcript. Def.'s Resp. 12. Defendant argues that the majority of the subject matter of the transcripts deal with the class

claims, and only a small percentage relates to Plaintiff's individual improper deduction claim. Id. Plaintiff responds that it is impossible to order only a partial transcript for the improper deduction claim. Pl.'s Reply 6. While Plaintiff may be correct that it could not order partial transcripts, all of the deposition transcripts were ordered prior to the June 10, 2013 order denying class certification for the improper deduction claim. Goddard Decl. Ex. 6 at 2–4. In other words, Plaintiff ordered the transcripts to use for *all* the claims, not just the individual improper deduction claim. I agree that in this situation, the entire cost of the transcript should not be taxed to Defendant. As with the attorney fees, in which I found a one-third apportionment was appropriate, I will award one-third of the cost for the deposition transcripts. Therefore, I award a total of $919.07 for the following deposition transcripts: (1) Plaintiff – $175.61, (2) Garnica – $70.29, and (3) Smith – $673.17.

Plaintiff also seeks $705.55 for the cost of the trial transcript, to which Defendant does not object. Plaintiff does not explain why the trial transcript was necessary. However, the record shows that after the court trial, Plaintiff filed a motion for reconsideration of the denial of the motion to certify the improper deduction claim [172], which was denied. The cost of the trial transcript was not necessarily incurred for use in the case. I decline to award the cost of the trial transcript.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CONCLUSION

Based on the foregoing, Plaintiff's motion for attorney fees and costs [182] is granted in part and denied in part.  Plaintiff is awarded attorney fees in the amount of $40,603.15 and costs in the amount of $919.07.

IT IS SO ORDERED.


Dated this _____ day of November, 2014.



_____
MARCO A. HERNÁNDEZ
United States District Judge

18 - OPINION & ORDER