James H. Hanson, *Pro Hac Vice*
jhanson@scopelitis.com
**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**
10 West Market Street, Suite 1500
Indianapolis, Indiana 46204
Telephone: (317) 637-1777
Facsimile: (317) 687-2414

Adam C. Smedstad, *Pro Hac Vice*
asmedstad@scopelitis.com
**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**
30 West Monroe Street, Suite 600
Chicago, Illinois 60603
Telephone: (312) 255-7200
Facsimile: (312) 422-1224

Kim T. Buckley, OSB No. 781589
buckley@eslerstephens.com
**ESLER STEPHENS & BUCKLEY LLP**
121 S.W. Morrison Street, Suite 700
Portland, Oregon 97204-3183
Telephone: (503) 223-1510
Facsimile: (503) 294-3995

Attorneys for Defendant, May Trucking Company

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| **SCOTT NANCE** and **FREDERICK FREEDMAN**, an individual, on behalf of themselves, all others similarly situated, and the general public, | ) Civil No. 3:12−cv−01655−HZ ) ) **DEFENDANT'S RESPONSE TO** ) **PLAINTIFFS' BRIEF RE CLAIM** ) **FOR MINIMUM WAGES BEFORE** |
| Plaintiffs, | ) **APRIL 2011** ) |
| v. | ) ) |
| **MAY TRUCKING COMPANY**, an Idaho corporation; DOES 1 through 100, | ) ) ) |
| Defendants. | ) |

## **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.   BACKGROUND....................................................................................................2

III.  ARGUMENT .........................................................................................................2

    A.  Plaintiffs failed to preserve their claim for pre-April 2011 minimum wages ........3

    B.  Plaintiffs failed to present any evidence to this Court of pre-April 2011 minimum wage violations ........................................................................................4

IV.  CONCLUSION .....................................................................................................6

# TABLE OF AUTHORITIES

### Cases

*Cross v. Astrue*, 2013 WL 5939923 (D. Or. Nov. 4, 2013) ............................................................. 4

*In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010) ............... 1, 4

*Mortg. Grader, Inc. v. Costco Wholesale Corp.*, 2014 WL 10763261
  (C.D. Cal. Oct. 27, 2014) ........................................................................................................... 4

*Nance v. May Trucking Co.*, 2014 WL 199136 (D. Or. Jan. 15, 2014) ..................................... 2, 4

*Nance v. May Trucking Co.*, 685 F. App'x 602 (9th Cir. 2017) ............................................. 1, 2, 3

*Ramser v. Laielli*, 2017 WL 3524879 (S.D. Cal. Aug. 15, 2017) ................................................... 5

*Rashidian v. Internal Revenue Serv.*, 2015 WL 13343584 (C.D. Cal. Feb. 26, 2015) .................. 5

*Smith v. Amaru*, 2012 WL 4882209 (W.D. Wash. Oct. 15, 2012) ................................................ 5

*SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312 (Fed. Cir. 2006) .............................. 4

### Rules

Federal Rules of Civil Procedure Rule 59 ...................................................................................... 5

Federal Rules of Civil Procedure Rule 60 ...................................................................................... 5

Defendant, May Trucking Company ("MTC"), respectfully submits its response to Plaintiffs' Brief re: Claim for Minimum Wages before April 2011 ("Plaintiffs' Brief") (ECF No. 199).

## I. INTRODUCTION

On March 29, 2017, the Ninth Circuit substantially affirmed this Court's grant of summary judgment in favor of MTC and remanded to this Court to determine whether Plaintiffs preserved their claim for pre-April 2011 minimum wages.[1] *Nance v. May Trucking Co.*, 685 F. App'x 602 (9th Cir. 2017). Plaintiffs failed to preserve this claim in the district court. As Judge O'Scannlain observed in his dissent, a claim that is not "raised sufficiently for the trial court to rule on it" is not preserved, but is waived. *Id.* at 607 (quoting *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 992 (9th Cir. 2010)). In response to the Ninth Circuit's remand, Plaintiffs have identified fleeting references in their summary judgment papers in which they discuss MTC's alleged change in compensation policy. None of these references identify a *single instance* in which MTC paid Plaintiffs less than the minimum wage, before or after April 2011. They cannot support, let alone preserve, a claim for pre-April 2011 minimum wage damages.

MTC moved for summary judgment on *all* of Plaintiffs' federal and Oregon state minimum wage claims, and this Court entered judgment against Plaintiffs on all of their minimum wage claims, which necessarily included hours worked before April 2011. Plaintiffs could have presented evidence of a minimum wage violation for that time period in their opposition to MTC's summary judgment motion; they did not. Instead, the only evidence

---

[1] MTC agrees with Plaintiffs that any claim under the Fair Labor Standards Act is now time-barred. *Plaintiff's Brief* at 2. Accordingly, the only issue before this Court is whether Plaintiffs preserved a claim for pre-April 2011 minimum wages under Oregon law.

Plaintiffs presented related to their sleeper berth minimum wage claim, which both this Court and the Ninth Circuit concluded were not actionable. This Court should not disturb its original entry of judgment for MTC on Plaintiffs' minimum wage claims.

## II.     BACKGROUND

Plaintiffs, entry-level drivers formerly employed by MTC, filed this putative class action seeking compensation for time they spent during MTC's application and orientation process.[2] In addition to seeking pay for orientation, Plaintiffs claimed that MTC underpaid them by failing to compensate Plaintiffs for off-duty time spent in the sleeper berth of a moving truck. Plaintiff Freedman further claimed that MTC improperly deducted amounts from his pay in connection with his decision to idle his truck. Plaintiffs brought their minimum wage claims under both federal and Oregon state law.

This Court certified the first two claims for minimum wages, but declined to certify the improper deduction claim. *Opinion and Order* (ECF No. 92). Following discovery, the parties filed cross-motions for summary judgment. *See Def.'s Summ. J.* (ECF No. 108); *Pls.' Summ. J.* (ECF No. 111). This Court granted summary judgment in favor of MTC on the minimum wage claims, but denied summary judgment on Freedman's improper deduction claim. *Nance v. May Trucking Co.*, 2014 WL 199136 (D. Or. Jan. 15, 2014) (ECF No. 145). The case went to trial on the deduction claim, and this Court found in favor of Freedman, awarding him $200 in statutory penalties. *Judgment* (ECF No. 181).

After the trial, Plaintiffs appealed this Court's entry of summary judgment in favor of MTC. On appeal, the Ninth Circuit substantially affirmed this Court's judgment. *Nance*, 685 F.

---

[2] In their Brief, Plaintiffs refer to the First Amended Complaint filed on October 10, 2011. *See Plaintiffs' Brief* at 1 (ECF No. 199). However, the operative complaint is the Third Amended Complaint filed on April 5, 2013 (ECF No. 80). Regardless, neither the First nor the Third Amended Complaint references the alleged change in compensation policy in April 2011.

App'x 602. However, because "it [was] unclear . . . whether [this Court] considered Plaintiffs' claim that [MTC] paid entry-level drivers less than a minimum wage before April 2011," the Ninth Circuit remanded "for [this Court] to consider in the first instance whether Nance and Freedman preserved arguments based on this claim in their district court briefing." *Id.* at 605.

### III.    ARGUMENT

####     A.  Plaintiffs failed to preserve their claim for pre-April 2011 minimum wages.

When MTC moved for summary judgment, it sought judgment on *all* of Plaintiffs' minimum wage claims. *Def.'s Summ. J.* at 2; *Def.'s Mem. Summ. J.* at 19-20 (ECF No. 109). In opposing MTC's motion, Plaintiffs focused their argument on whether sleeper berth time was compensable. *Pls.' Opp'n Summ. J.* at 12-16 (ECF No. 120). At no point did Plaintiffs argue or allege that MTC failed to pay its entry-level drivers minimum wages for their pre-April 2011 work hours.

To be sure, in their Brief, Plaintiffs identify one reference in their Ninth Circuit Opening Brief and only three places in their summary judgment briefs that mention the April 2011 date. *Plaintiffs' Brief* at 2-3 (citing *Appellants' Opening Brief* at 37; *Pls.' Mem. Summ. J.* at 7-8 (ECF No. 112); *Pls.' Opp'n Summ. J.* at 13 n.6; *Pls.' Rep. Summ. J.* at 10 n.5 (ECF No. 124)). But Plaintiffs' Opening Brief before the Ninth Circuit is irrelevant in determining whether Plaintiffs preserved any claim in *this* Court. Indeed, in relying on their Opening Brief, Plaintiffs ignore the Ninth Circuit's instructions on remand "to consider *in the first instance* whether Nance and Freedman preserved arguments based on this claim *in their district court briefing*." *Nance*, 685 F. App'x at 605 (emphases added).

With respect to the three times they mention April 2011 in Plaintiffs' summary judgment briefs, two of those references are in footnotes. *Pls.' Opp'n Summ. J.* at 13 n.6; *Pls.' Rep. Summ.*

*J.* at 10 n.5. Courts have consistently held, however, that arguments raised in footnotes (if you can even consider their references to be arguments) are waived. *See, e.g., Cross v. Astrue*, 2013 WL 5939923, at *3 (D. Or. Nov. 4, 2013) (argument made in footnote was waived); *Mortg. Grader, Inc. v. Costco Wholesale Corp.*, 2014 WL 10763261, at *2 (C.D. Cal. Oct. 27, 2014) ("[A]rguments raised in footnotes are not preserved" (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006).). But more importantly, the two footnotes in Plaintiffs' summary judgment papers and the one reference in Plaintiffs' summary judgment memorandum simply contain the same allegations that prior to April 2011, MTC did not review its entry-level drivers' logs to verify whether they were paid minimum wage. A statement that MTC did not review its logs prior to April 2011 does not equate to a claim that MTC *in fact* violated Oregon minimum wage laws during that time period. Because the claim was not "raised sufficiently for [this Court] to rule on," it is waived. *In re Mercury*, 618 F.3d at 992.

### B. Plaintiffs failed to present any evidence to this Court of pre-April 2011 minimum wage violations.

Plaintiffs presented no evidence that MTC paid Plaintiffs less than the minimum wage for their pre-April 2011 work hours, and this Court entered summary judgment in favor of MTC on their minimum wage claims. *See Def.'s Summ. J.* at 2; *Def.'s Mem. Summ. J.* at 19-20; *and Nance*, 2014 WL 199136, at *9 (observing that this Court's prior rulings on orientation and sleeper berth time "foreclosed" "Plaintiffs' claims for minimum wage violations"). Plaintiffs simply alleged that MTC changed its payment policy and asserted that prior to the change, MTC had no system of verifying that its entry-level drivers received the minimum wage. But even assuming the truth of that statement, it is not evidence that MTC *actually* failed to pay its entry-level drivers the minimum wage. MTC had no burden to affirmatively prove it paid Plaintiffs (or, for that matter, every class member) the minimum wage for all hours worked. Rather, Plaintiffs

bore the burden of presenting some evidence that MTC failed to pay its entry-level drivers the minimum wage in that pre-April 2011-time period. They failed to do so.

Essentially, Plaintiffs are asking this Court to reconsider its entry of judgment in favor of MTC to allow them for the first time to try to prove a minimum wage violation for that pre-April 2011-time period on a basis other than their sleeper berth theory. When they failed to produce *any evidence* to support a pre-April 2011 minimum wage claim, they lost that claim. Courts routinely deny relief under Federal Rules of Civil Procedure 59 and 60 when the movant fails to present arguments or evidence in the first instance on a new theory. *See, e.g., Ramser v. Laielli*, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017) ("A Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Rashidian v. Internal Revenue Serv.*, 2015 WL 13343584, at *3 (C.D. Cal. Feb. 26, 2015) ("Plaintiffs cite no case in which a party that filed an inadequate opposition to summary judgment has been granted a 'second bite of the apple' under Rule 60(b)(1) to submit additional argument or evidence that was available at the time of the original filing."); *Smith v. Amaru*, 2012 WL 4882209, at *1 (W.D. Wash. Oct. 15, 2012) ("[A] second bite of the apple[] is inappropriate" where "[d]efendants simply wish to present evidence that was readily available to them at the time of their initial summary judgment motion.").

This Court should similarly decline to give Plaintiffs a "second bite." When MTC moved for summary judgment, Plaintiffs did not show any evidence of a minimum wage violation under Oregon law for the time worked by interstate over-the-road truck drivers in Oregon, including

for the time period before April 2011.³ Plaintiffs' Brief is tellingly silent regarding any evidence to the contrary. As such, this Court properly entered judgment for MTC on all of Plaintiffs' minimum wage claims.

### IV.    **CONCLUSION**

Plaintiffs filed their original complaint in early Spring of 2011. For six years, the parties litigated this case. Plaintiffs had every opportunity to show a minimum wage violation for any time they worked for MTC. They did not, and have not, done so. Now, in the eleventh hour, Plaintiffs wish for yet another opportunity to try to prove a minimum wage violation. For the reasons stated above, this Court should not disturb its original entry of judgment for MTC.

DATED:  September 11, 2017.

Respectfully Submitted,

/s/ *James H. Hanson*
James H. Hanson

Attorney for Defendant,
May Trucking Company

---

³ MTC still maintains, as it did in its Opposition to Plaintiffs' Motion for Summary Judgment, that the Oregon minimum wage law applies only to work performed within the state. *Def.'s Opp'n Summ. J.* at 2-5 (ECF No. 119).

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2017, the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Steve D. Larson | Ms. Allison H. Goddard |
| Jennifer S. Wagner | Mr. James R. Patterson |
| Stoll Berne Lokting & Schlachter | Patterson Law Group |
| 209 S.W. Oak Street, Suite 500 | 402 West Broadway, 29th Floor |
| Portland, OR 97204 | San Diego, CA 92101 |
| slarson@stollberne.com | ali@pattersonlawgroup.com |
| jwagner@stollberne.com | jim@pattersonlawgroup.com |

/s/ *James H. Hanson*
James H. Hanson

4833-3629-3710, v. 10