IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SCOTT NANCE and FREDERICK                    No. 3:12-cv-01655-HZ
FREEDMAN, individuals on behalf of
themselves, all others similarly situated,        OPINION & ORDER
and the general public,

       Plaintiffs,

  v.

MAY TRUCKING COMPANY, an Idaho
corporation, and DOES 1 through 100,

       Defendants.


Allison H. Goddard
James R. Patterson
Patterson Law Group, APC
402 West Broadway, 29th Floor
San Diego, CA 92101

Steve D. Larson
Jennifer S. Wagner
Stoll Stoll Berne Lokting & Schlachter
2019 SW Oak Street, 5th Floor
Portland, OR 97204

     Attorneys for Plaintiffs


1 – OPINION & ORDER

Adam C. Smedstad
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 West monro Street, Suite 600
Chicago, IL 60603

James H. Hanson
Kelli M. Block
R. Jay Taylor, Jr.
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1500
Indianapolis, IN 46204

Kim T. Buckley
Esler Stephens & Buckley
888 SW Fifth Avenue, Suite 700
Portland, OR 97204

> Attorneys for Defendants

HERNÁNDEZ, District Judge:

The Court previously resolved all of Plaintiffs' claims on summary judgment and through a bench trial. *See* Op. & Order, ECF 145; Judgment, ECF 181. The Ninth Circuit affirmed the Court's decision with one exception. *Nance v. May Trucking Co.*, No. 14-35640, 2017 WL 1164403, at *2 (9th Cir. Mar. 29, 2017). It was unclear to the panel whether the Court "considered Plaintiffs' claim that May paid entry-level drivers less than a minimum wage *before April 2011*." *Id.* The panel vacated the judgment in part and remanded for this Court to "consider in the first instance whether Nance and Freedman preserved arguments based on this claim in their district court briefing, and, if they did, for further proceedings on this claim." *Id.* The Court held a telephonic hearing in response to the Ninth Circuit's mandate and the parties submitted supplemental briefing on the issue.

After reviewing Plaintiffs' original summary judgment briefing and the parties' supplemental briefing, the Court is convinced that Plaintiffs did not preserve the arguments that

the panel identified. While Plaintiffs alleged in their amended complaint that Defendant paid

entry-level drivers less than minimum wage, Plaintiffs briefing only asserts that they were paid

less than minimum wage because they were not paid for the hours that they spent in the Sleeper

Berth while the trucks were in motion. The Court granted summary judgment to May on that

claim and the Ninth Circuit affirmed. Plaintiffs did not raise a distinct minimum wage violation

claim in their briefing.

In Plaintiffs' Third Amended Complaint they alleged that Defendant ran an Entry Level

Driver Program ("ELD") in which it paid drivers only $50–60 per day. Third. Am. Compl. ¶ 16,

ECF 80. Plaintiffs further alleged that they regularly worked more than ten hours per day and

were only compensated with $50, which put their hourly pay at less than both state and federal

minimum wages. *Id.* ¶¶ 19, 21, 41–52. In Plaintiffs' summary judgment briefing, however, their

minimum wage claim relating to the ELD program was premised solely on the argument that

they were not compensated for time spent in Sleeper Berth while the trucks were in motion. *See*

Pls.' Mot. Summ. J. 1, ECF 111 ("Plaintiffs request an order adjudging that Entry Level Drivers

should be paid minimum wage for all hours spent in a  moving truck."); Pls.' Mem. Mot. Summ.

J. 8, ECF 112 (arguing that Defendant's post-April 2011 efforts did not cure its minimum wage

violations because they did "not include any time spent in a moving truck in the Sleeper Berth

status").  In a footnote, Plaintiffs stated that, " before April 2011, [Defendant] did not do any

check against HOS logs to ensure that ELDs were paid the minimum wage for hours logged as

Driving or On Duty." Pls.' Opp'n Summ. J. 12–13 n.5, ECF 120. The sentence to which that

footnote was attached discussed minimum wage in the context of Defendant not paying ELD

drivers "for any time logged as Sleeper Berth or Off Duty while the truck is moving." *Id.* at 1.

In sum, any claim Plaintiffs raised in their amended complaint alleging pre-April 2011minimum wage violations relating to the ELD program was not preserved in Plaintiffs' summary judgment briefing as an independent argument distinct from the one that the Court resolved in its order. As Judge O'Scannlain recognized in his dissent, the issue "clearly was not raised below" given that Plaintiffs' briefing "focused *solely* on payment for hours spent in sleeper berths." *Nance*, 2017 WL 1164403, at *3 (O'Scannlain, J., dissenting).

CONCLUSION

The Court concludes that Plaintiffs' did not preserve arguments based on alleged pre-April 2011 minimum wage violations.

DATED this _____ day of _____, 2017.

MARCO A. HERNÁNDEZ
United States District Judge